**SEALED**

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| United States of America<br>v.<br>(1) Shane Killian Burns,<br>(2) Christina Danielle Patacky-Beghin,<br><br>*Defendant(s)* | Case No. 22-0373MJ |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 19, 2022__ in the county of __Maricopa__ in the _____ District of __Arizona__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846, §§ 841(a)(1) and (b)(1)(A)(viii) | Conspiracy to Possess with Intent to Distribute a Controlled Substance (methamphetamine) |

This criminal complaint is based on these facts:
See Attached Statement of Probable Cause, Incorporated by Reference Herein

☑ Continued on the attached sheet.

Reviewed by AUSA Margaret Perlmeter
MARGARET PERLMETER  Digitally signed by MARGARET PERLMETER  Date: 2022.10.27 15:20:20 -07'00'

KEVIN MCCARTHY  Digitally signed by KEVIN MCCARTHY  Date: 2022.10.27 13:44:40 -07'00'
*Complainant's signature*

Kevin McCarthy, Special Agent
*Printed name and title*

Subscribed electronically, sworn to telephonically.

Date: October 27, 2022

*Judge's signature*

City and state: Phoenix, Arizona

U.S. Magistrate Judge Michelle H. Burns
*Printed name and title*

# STATEMENT OF PROBABLE CAUSE

I, Kevin M. McCarthy, Special Agent of the Federal Bureau of Investigation, being duly sworn, depose and state under oath that:

## INTRODUCTION AND BACKGROUND OF AFFIANT

1) I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been since February of 2020. I have completed a 22-week basic training course in Quantico, Virginia which included training in the investigation of narcotics trafficking throughout the United States. Part of my training as a special agent included instruction on surveillance, legal instruction, and interview tactics. I am currently assigned to the Organized Crime Drug Trafficking Strike Force which is responsible for investigating drug trafficking throughout Arizona.

2) I have assisted on numerous drug trafficking investigations for violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) and 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance). Specifically, I have interviewed witnesses and confidential sources involved in drug trafficking who described methods and tactics commonly used in furtherance of said drug activity. I have also conducted hours of surveillance on individuals who later pled guilty to drug related charges. I was previously a member of the FBI Evidence Recovery Team which was responsible for the collection and inventory of evidence collected during crime scene searches. Prior to employment by the FBI, I was employed as a Chicago Police Officer from August 2016 until September 2019. While employed as a Chicago Police Officer, I participated in numerous narcotics and weapons related operations involving investigation, surveillance, and arrests.

3) I submit that there is probable cause to believe that Shane Killian Burns (BURNS) and Christina Danielle Patacky-Beghin (PATACKY) did knowingly and intentionally combine, conspire, confederate, and agree with other persons known

1

and unknown to possess with intent to distribute 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Possession with Intent to Distribute a Controlled Substance).

4) In preparing this Affidavit, I rely on my personal knowledge of the investigation or have learned the facts of the investigation from other law enforcement officers. I have relied on my training, experience, and background in law enforcement to evaluate this information. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause in support of a criminal complaint for BURNS and PATACKY.

## **PROBABLE CAUSE**

5) On July 19, 2022, an FBI Undercover Employee (UCE) made telephonic contact with BURNS regarding the proposed purchase of six pounds of methamphetamine and 7,500 fentanyl pills. BURNS and UCE communicated via voice calls and text messages leading up to and following the deal. Prior to this telephone conversation on July 19, the UCE had face-to-face contact and other telephone contact with BURNS and recognized the voice on the phone on July 19 as BURNS. BURNS agreed to deliver the drugs for the negotiated purchase price of $10,000.00 and informed the UCE that he would send his driver to the deal location: the Talking Stick Resort and Casino parking lot located at 9800 Talking Stick Way, Scottsdale, Arizona 85265. At approximately 18:00 hours BURNS informed the UCE that his driver would arrive to the deal location in a red Lexus.

6) At approximately 18:05 hours, the UCE met with a female, later identified as PATACKY near the front entrance of the casino. The UCE advised PATACKY

2

which vehicle the UCE would be driving and requested PATACKY follow. PATACKY then followed the UCE in her red Lexus bearing Arizona license plate "63A6CYA" to a section of the casino parking lot, where PATACKY parked her vehicle, retrieved a box from the trunk of her vehicle, and entered UCE's vehicle with the box in her hand.

7) The UCE tendered $10,000.00 payment to PATACKY and requested PATACKY count the money. The UCE took possession of the open box that PATACKY brought with her and placed it on floor area of the front seat. While doing so, the narcotics packaging within the box was visible to the UCE. PATACKY confirmed the $10,000.00 amount before departing.

8) Immediately following this interaction with PATACKY, the UCE met with FBI Special Agents to turn over the drug evidence and audio/visual recording devices. Special Agents examined the box and observed inside multiple clear plastic bags containing a white crystal substance. Also observed inside the box was packaging containing round, blue pills marked M and 30. The evidence was transported to the FBI Phoenix field office. A field test of the white crystal substance returned a positive result for the presence of methamphetamine. The gross aggregate weight of the suspected methamphetamine was approximately 2,764.3 grams. The gross aggregate weight of the round, blue pills marked M and 30 was approximately 923.7 grams and is pending laboratory testing.

9) Based on the facts and circumstances set forth in this Affidavit, I submit that there is probable cause to believe that PATACKY and BURNS did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to possess with intent to distribute 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 (Conspiracy to Possess with

Intent to Distribute a Controlled Substance), and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Possession with Intent to Distribute a Controlled Substance).

KEVIN MCCARTHY Digitally signed by KEVIN MCCARTHY
Date: 2022.10.27 13:45:20 -07'00'

KEVIN M. McCARTHY
Special Agent
Federal Bureau of Investigation

Subscribed electronically and sworn to telephonically on the 27 day of October, 2022.

HONORABLE MICHELLE H. BURNS
UNITED STATES MAGISTRATE JUDGE