Lawrence I. Kazan, State Bar No. 005456
DEBUS & KAZAN, LTD
1221 East Osborn Road, Suite 200
Phoenix, Arizona 85014
Telephone: (602) 257-8900
Facsimile: (602) 257-0723
Email: lik@debusandkazan.com
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-1507-PHX-SPL |
| Plaintiff, | **SENTENCING MEMORANDUM** |
| vs. | |
| Shane Killian Burns, | (Hon. Judge Steven P. Logan) |
| Defendant. | |

Defendant, Shane K. Burns, by and through undersigned counsel, respectfully set forth his request that this Court determine that sufficient facts and legal authorities exist to sustain his request for departure to the sentencing guidelines as formulated by the United States Sentencing Commission which are presented in the United States probation officer's Presentence Investigation Report. It is further requested that this Court consider the factors as set forth in 18 U.S.C. §3553(a) and determine that under the facts of this case that a

sentence below the advisory guidelines is "reasonable" pursuant to *Gall v. United States*, 128 S.Ct. 586, 596 (2007); *Kimbrough v. United States*, 128 S.Ct. 558, 564, 570 (2007); *Rita v. United States*, 127 S.Ct. 2456, 2465, 2468 (2007); *Booker v. United States*, 543 U.S. 220, 245-46 (2005). The relevant facts and legal authorities are more fully set forth in the following Memorandum of Points and Authorities.

**RESPECTFULLY SUBMITTED** this 31st day of January 2024.

DEBUS & KAZAN, LTD.

By_____
Lawrence I. Kazan

**Memorandum of Points and Authorities**

**I.  Variance**

**A. Overlapping Conspiracies**

As the Court is aware, Burns has another matter pending against him in the Middle District of Pennsylvania. Prior to trial here the Defendant moved to dismiss the present Indictment based on the idea it was conduct fragmented off of the larger conspiracy case in Pennsylvania. That matter charges a conspiracy to distribute fentanyl spanning the time frame of January of 2020

until February 2023. Burns and his co-defendant here Patacky-Beghin are both charged in that case with thirteen others. The case here was initiated by the cooperation of the main defendant in the Pennsylvania case. It is clearly not a reach to think that the defendants here were acting as part of the same plan being carried out in Pennsylvania and elsewhere as the Indictment claims. The point is that Burns is likely to receive a greater sentence in the Pennsylvania matter than the agreed upon sentence cap here of 108 months. And, while the agreement specifies the sentence here is to run concurrent with the sentence in Pennsylvania it is extremely likely the sentence there will be much longer. Based on what was specified in the defendant's motion to dismiss the sentence in both matters should run concurrent – the behavior was one continuing pattern.

Further, by pleading guilty in this matter Burns has added to his criminal history category which will be used against him in Pennsylvania.

**B. Methamphetamine Purity**

A second reason to grant a variance here is because the sentencing guidelines, with respect to methamphetamine contain an unwarranted disparity. Those convicted of methamphetamine offenses receive longer sentences than those convicted of other drug crimes.

Purity plays the biggest role in this disparity. As noted in the attached article from the University of Arizona, methamphetamine coming from this part of the United States is almost always 100% pure.

The purity of the drug is built into the methamphetamine guidelines as it is for a few other substances, see USSG §2D1.1 comment.

The reasoning for the built-in increase for methamphetamine and a departure for other substances is that "since controlled substances are often distributed and combined with other substances as they pass down the chain of distribution, the fact that a defendant is in possession of unusually pure narcotics may indicate a prominent role in the criminal enterprise and proximity to the source of the drugs." *Id.* Judge Lewis Brack, in *United States v. Ibarra-Sandoval*, 265 F.Supp.3d 1249, 1255 (D.N.M. 2017), summarized the approach: "The point, then, of increasing a defendant's sentence based on drug purity is to punish defendants who have prominent roles in drug distribution." Because lower purity is a thing of the past, Judge Brack added: "the Commission's assumption regarding the connection between methamphetamine purity and criminal role is divorced from reality." *Id.* The problem, he wrote, is "that the sentencing Guidelines would treat the average individual convicted of a crime involving methamphetamine as a kingpin or

leader, even though that simply is not true." *Id. See also United States v. Nawanna*, 321 F.Supp.3d at 951 ("the justification in the Guidelines themselves for the purity-driven methamphetamine Guidelines is erroneous or, at least, has been erroneous for the last several years.")

The 10:1 ratio is not the product of the Sentencing Commission's usual empirical approach. In 1987, the "Guidelines' Drug Quantity Table did not distinguish between actual/pure methamphetamine and methamphetamine mixtures." *United States v. Pereda*, No. 18-cr-228, 2019 WL 463027, *2 (D. Colo. Feb. 6, 2019). In 1988, Congress established mandatory minimums for methamphetamine using the 10:1 ratio between actual methamphetamine and a mixture containing the substance. *Id.* As was the case with other controlled substances, the Sentencing Commission followed Congress' lead in developing the Guidelines. See *Kimbrough v. United States*, 552 U.S. 85, 96 (2007) ("The Commission did not use this empirical approach in developing the Guidelines for drug-trafficking offenses. Instead, it employed the 1986 Act's weight-driven scheme.") *See also United States v. Diaz*, No. 11-CR-821-2, 2013 WL 32243, *2 *7 (E.D. N.Y. Jan. 28, 2013). "Consequently, the drug offense Guidelines are not a reflection of the Commission's institutional strengths, and a district court has more discretion to vary from the drug offense

Guidelines based on policy disagreements than in a case where the applicable guidelines were promulgated pursuant to the Commission's usual empirical approach." *United States v. Ibarra-Sandoval*, 265 F.Supp.3d at 1253.

Here, Burns' guidelines range would be substantially less if based on a substance containing a mixture of methamphetamine. He essentially is punished more because of his proximity to Mexico where the substance purity is high.

Another thought to take into account, here Burns is facing the converted drug weight calculation based on purity and a two point upward departure because the methamphetamine was imported from Mexico which reflects the substance had a high percentage of purity.

Recalculation of the guideline sentence without conversion would result in a base offense level of 32. With two points credit for the safety valve and 3 points for acceptance of responsibility, the level would be 27. Add back two points because the methamphetamine was imported from Mexico brings Burns to offense level 29. With a category three criminal history the sentencing range would be 108-135 months.

## II. Conclusion

The parties carefully negotiated the plea agreement here to appropriately punish Burns for his behavior. The Presentence Report unfortunately seeks to reject stipulations and actually suggests the Court reject the agreement based on less than the total picture. Because Burns' guidelines range is unfairly elected based on drug purity the Defendant asks this Court to follow the agreement finding it fairly punishes Burns for his behavior.

**RESPECTFULLY SUBMITTED** this 31st day of January 2024.

DEBUS & KAZAN, LTD.

By_____
Lawrence I. Kazan
Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2024, I electronically transmitted the attached documents to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Margaret Perlmeter, Esq.
US Attorneys Office
2 Renaissance Square
40 N Central Avenue, Suite 1800
Phoenix, Arizona 85004
Margaret.Perlmeter@usdoj.gov

By /s/  Kelly Pierce